IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CLEVELAND LEE, SR.

                 Plaintiff,                     ORDER

          v.                            10-cv-148-bbc

JOHN BARRETT, CAROL B.
and BONNIE JORSTAD,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CLEVELAND LEE, SR.

                 Plaintiff,                     ORDER

          v.                            10-cv-149-bbc

JOHN PAQUIN, Warden;
ALDERSON, PDCI Records Supervisor;
MAUREEN KUMLIN, Registrar/Records Office;
ROBERTS, Record Office;
MARY MARTIN, Kettle Moraine Correctional Institution,

                 Defendants.

1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CLEVELAND LEE, SR.

                         Plaintiff,                                    ORDER

                    v.                                     10-cv-150-bbc

DENIS KUCHENS, KRACHEY,
RAISBECK, MS. SMITH,
MS. A. KARTMAN, MS. SUTTER and
Captain KARTMAN,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Cleveland Lee, Sr., a prisoner at the Prairie du Chien Correctional Institution in Prairie du Chien, Wisconsin, has submitted proposed complaints in these cases.  He asks for leave to proceed in forma pauperis.  Because plaintiff is a prisoner, he is subject to the 1996 Prisoner Litigation Reform Act.  This means that before this court may decide whether he can proceed with his complaints in forma pauperis, plaintiff will have to make initial partial payments of the filing fees.  From the trust fund account statement plaintiff has submitted, I calculate his initial partial payment to be $8.35.  Also, he must pay the remainder of the fee in monthly installments even if his request for leave to proceed is denied.  If plaintiff does not have the money to make the initial partial payments in his

2

regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account.  This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fees from his release account.  The only amounts plaintiff must pay at this time are the $8.35 initial partial payments.  Before prison officials take any portion of these amounts from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes.  Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payments to this court.


ORDER

IT IS ORDERED that

1.    Plaintiff is assessed $8.35 as an initial partial payment of the $350 fee for filing case no. 10-cv-148-bbc.  He is to submit a check or money order made payable to the clerk of court in the amount of $8.35 on or before April 14, 2010.

2.    Plaintiff is assessed $8.35 as an initial partial payment of the $350 fee for filing case no. 10-cv-149-bbc.  He is to submit a check or money order made payable to the clerk of court in the amount of $8.35 on or before April 14, 2010.

3.     Plaintiff is assessed $8.35 as an initial partial payment of the $350 fee for

filing case no. 10-cv-150-bbc.  He is to submit a check or money order made

payable to the clerk of court in the amount of $8.35 on or before April 14,

2010.

4.     If, by April 14, 2010, plaintiff fails to make the initial partial payments in any

of these cases or show cause for his failure to do so, he will be held to have

withdrawn that action voluntarily.  In that event, the clerk of court is directed

to close the file without prejudice to plaintiff's filing his case at a later date.

Entered this 24th day of March, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

4